UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-05722-SVW-PD                                Date: August 16, 2021

Title   _Siaka Massaquoi v. Christopher A. Wray, et al._


Present: The Honorable:     Patricia Donahue, U.S. Magistrate Judge

|  Isabel Martinez  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:    (In Chambers) Screening Order Dismissing Plaintiff's Complaint with Leave to Amend**

On July 15, 2021, Plaintiff Siaka Massaquoi ("Plaintiff") filed a complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971) (the "Complaint") against Defendants Christopher A. Wray, Chad Warren, the Federal Bureau of Investigations ("FBI"), the United States of America, and twenty unnamed FBI agents (Does 1 through 20). [Dkt. No. 1 at 2.] Plaintiff is a *pro se* litigant bringing a class action suit on behalf of those who have suffered similar constitutional violations by the named Defendants. [*Id.* at 4.]

The Court has screened the Complaint and finds that it is subject to dismissal without prejudice. Plaintiff will be given an opportunity to file a First Amended Complaint following the Court's guidance below.[1]

## I.    Standard of Review

The Court is required to screen pro se complaints and dismiss claims that, among other things, are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). Even when a plaintiff is not proceeding in forma pauperis, Federal Rule of Civil Procedure

---

[1] Magistrate Judges may dismiss a complaint with leave to amend without approval of the district judge. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-05722-SVW-PD                                       Date: August 16, 2021

Title     *Siaka Massaquoi v. Christopher A. Wray, et al.*

12(b)(6) permits a court to dismiss a claim sua sponte and without notice "where the claimant cannot possibly win relief." *See Omar v. Sea–Land Serv., Inc.,* 813 F.2d 986, 991 (9th Cir. 1987).  In determining whether a complaint should be dismissed at screening, the Court applies the same standard as that in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015).  Under that standard, "a complaint must contain sufficient factual matter, accepted as true" and viewed in the light most favorable to the nonmoving party, "to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This does not require "detailed factual allegations," but it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id*.  The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Because Plaintiff is proceeding pro se, the Court construes the Complaint liberally.  *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

## II.     The Complaint's Factual Allegations and Claims

The Complaint alleges Defendants targeted Plaintiff due to his political associations, civic engagement and because he is outspoken about his political beliefs.  [Dkt. No. 1 at 4-5.]  Plaintiff claims Defendants violated his: (1) First Amendment right to freedom of speech and association, (2) Fourth Amendment right to be free from unlawful searches and seizures, and (3) Fifth Amendment right to due process of law, in retaliation for his presence at the Capitol on January 6, 2021.  [*Id.* at 17-21.]  Plaintiff also alleges that Defendants violated his rights under the Privacy Act.  [*Id.* at 22.]  Plaintiff seeks damages in excess of $3.5 billion against all Defendants and injunctions ordering the return of his confiscated property and restraining Defendants from chilling his constitutional rights and the rights of other class members. [*Id.* at 22-23.]

On January 6, 2021, Plaintiff attended and participated in the demonstration outside the U.S. Capitol building ("Capitol").  [*Id.* at 5.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-05722-SVW-PD                                              Date: August 16, 2021

Title       *Siaka Massaquoi v. Christopher A. Wray, et al.*

Plaintiff alleges his participation was a peaceful exercise of his rights under the First Amendment.  [*Id.*]  Plaintiff claims his intentions were not to disrupt the federal proceedings scheduled for that day. [*Id.* at 10.]  Although he took a few steps and briefly entered the Capitol at one point, Plaintiff claims he was not involved in any acts of violence and believes he conducted himself as a peaceful, law-abiding citizen on January 6, 2021. [*Id.* at 5, 12.]

In the early morning of June 10, 2021, Defendants Warren and Does 1-20 entered Plaintiff's home.  [*Id.* at 7.]  Defendants Does 1-20 handcuffed Plaintiff and his roommates and took them outside so they could search the residence.  [*Id.* at 7-8.]  During the search, Plaintiff asked to see a copy of the search warrant and requested to speak with his lawyer.  [*Id.* at 8.]  Defendant Warren allegedly responded to Plaintiff by promising to show him the warrant upon completion of the search and that a lawyer was not necessary since he was not under arrest.  [*Id.*]  Following the clearance and release of his roommates, Plaintiff was questioned by Defendant Warren about his activity leading up to and on January 6, 2021.  [*Id.* at 8, 10-11.]  Defendants Warren and Does 1-20 search resulted in the confiscation of about fifteen pieces of Plaintiff's property, most of which was technology.  [*Id.* at 8-9.]  Plaintiff has not been able to recover possession of his confiscated property. [*Id.* at 9, 14-15.]

## III.  Discussion

Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a).  While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege factual allegations to provide "fair notice" of both the particular claim being asserted and "the grounds upon which [the particular claim] rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted).  If a complaint does not clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued, on which theory, and what relief is being sought against them, the complaint fails to comply with Rule 8.  *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (a complaint must make clear "who is

Case 2:21-cv-05722-SVW-PD   Document 4   Filed 08/16/21   Page 4 of 8   Page ID #:45

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-05722-SVW-PD                                               Date: August 16, 2021

Title    *Siaka Massaquoi v. Christopher A. Wray, et al.*

being sued, for what relief, and on what theory, with enough detail to guide discovery"); *Exmundo v. Kane*, 553 Fed. Appx. 742, 743 (9th Cir. 2014) (affirming district court dismissal of Section 1983 claims where plaintiff's allegations "were unclear as to the timing and nature of [the defendant's] actions").

### A.   Pro Se Litigants & Class Action Suits

Plaintiff requests the Court to certify the Complaint as a class action suit.  As a *pro se* litigant, Plaintiff lacks standing to bring suit on behalf of others.  See *McShane v. United States*, 366 F.2d 286, 288-89 (9th Cir. 1966).  "In federal court, 'parties may plead and conduct their own cases personally.'" *Bolden v. Ponce*, 2020 WL 6143615, at *2 (C.D. Cal. Aug. 19, 2020) (quoting 28 U.S.C. § 1654).  Moreover, "the privilege to represent oneself *pro se*…is personal to the litigant and does not extend to other parties." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).

Regardless of whether other individuals have suffered the same alleged constitutional violations as Plaintiff, he cannot maintain a class action suit as a *pro se* litigant.  If Plaintiff wishes to receive class action certification, he will need to seek representative counsel.  *Roberts v. Newsom*, 2021 WL 969212 at *2 (C.D. Cal. Feb. 11, 2021).  Thus, unless Plaintiff retains an attorney any amended complaint cannot include class claims.  Plaintiff may only bring claims on his own behalf.

### B.   *Bivens* Action

A *Bivens* remedy is an "implied right of action for damages against federal officers alleged to have violated a citizen's constitutional right." *Vega v. United* States, 881 F.3d 1146, 1152 (9th Cir. 2018).  An individual who has suffered a constitutional violation "by a federal official[] acting in their individual capacity" can bring a *Bivens* claim.  *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007).  "*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980).  The Supreme Court has implied a damages remedy under the Constitution in only three contexts: the Fourth, Fifth, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:21-cv-05722-SVW-PD                                    Date: August 16, 2021

Title       *Siaka Massaquoi v. Christopher A. Wray, et al.*

Eighth Amendments. *See Ziglar v. Abbasi*, ⎯⎯ U.S. ⎯⎯, 137 S.Ct. 1843, 1854-55 (2017) (citing *Bivens*, 403 U.S. at 396-97 (Fourth Amendment violation against unreasonable searches and seizures) ); *Carlson v. Green*, 446 U.S. 14, 19 (1980) (Eighth Amendment cruel and unusual punishment for failure to provide adequate medical treatment); *Davis v. Passman*, 442 U.S. 228, 248-49 (1979) (Fifth Amendment violation of Due Process Clause on the basis of gender discrimination).

A *Bivens* action cannot be brought against the United States, agencies of the United States or federal agents in their official capacity absent a waiver of sovereign immunity. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994); *Hui v. Castaneda*, 559 U.S. 799, 807-11 (2010) (an action under *Bivens* will be defeated if defendant is immune from suit). Here, the Complaint names the United States and FBI as Defendants. [Dkt. No. 1 at 3.] Plaintiff, however, cannot pursue his *Bivens* claims against the United States because it "has not waived its sovereign immunity for constitutional torts or actions brought pursuant to *Bivens*." *Pereira Luna v. Thomas*, 2020 WL 473133, at *5 (C.D. Cal. Jan. 28, 2020). Additionally, Plaintiff cannot pursue his claims against Defendant FBI because there is no waiver of sovereign immunity for federal agencies. *Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1985). Therefore, Plaintiff is barred from proceeding with his *Bivens* claims against the United States and the FBI because the Court lacks subject matter jurisdiction.

### i.   Plaintiff Cannot Bring a *Bivens* Claim Against Defendants in Their Official Capacity

"By definition, *Bivens* suits are individual capacity suits and thus cannot enjoin official government action." *Ministerio Roca Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016); *see also Pereira Luna*, 2020 WL 473133, at *5 (*Bivens* actions can "only be maintained against federal employees in their individual capacities"). Moreover, because *Bivens* suits do not permit vicarious liability, "a plaintiff must plead that each Government-official defendant, through [their] own actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676-77; s*ee also Abbasi*, 137 S. Ct. at 1860. Accordingly,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-05722-SVW-PD                                      Date: August 16, 2021

Title    *Siaka Massaquoi v. Christopher A. Wray, et al.*

Plaintiff's *Bivens* claims against Defendants Christopher Wray, Chad Warren and Does 1-20 in their official capacities should be dismissed.

Additionally, a *Bivens* suit "cannot provide [] injunctive relief…because the only remedy available…is an award for monetary damages from defendants in their individual capacities." *Jones v. Entzel*, 2017 WL 2240206, at *4 (C.D. Cal. Mar. 30, 2017) (citations omitted).  Therefore, to the extent that Plaintiff is seeking injunctive relief against Defendants in their individual capacity, under *Bivens*, for the return of his property and to restrain them from further targeting him for his political beliefs and association, his request should be dismissed. [*See* Dkt. No. 1 at 22-23.]

### C.    First Amendment Claim

Plaintiff alleges that all Defendants, acting under color of federal law, violated his First Amendment right to freedom of speech and association. [Dkt. No. 1 at 17.]  Although the United States Supreme Court "never held that *Bivens* extends to First Amendment claims,"[2] the Ninth Circuit permitted the extension.  *See Gibson v. United States*, 781 F.2d 1334, 1342 (9th Cir. 1986).  Recent cases, however, have severely restricted the availability of *Bivens* actions for new claims and contexts.  *Abbasi,* 137 S.Ct. at 1856-57.

To the extent that Plaintiff seeks to bring a First Amendment claim, the Complaint fails to meet the requirements of Rule 8.  Rule 8 requires a complaint to plead factual allegations sufficient to provide defendants with notice of which defendant is being sued, on which theory, and what relief is being sought against them. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  Here, the Complaint fails to provide each Defendant with fair notice of how their individual actions resulted in the deprivation of Plaintiff's First Amendment right.

### D.    Fourth Amendment Claim

Plaintiff alleges that all Defendants, acting under color of federal law, violated his Fourth Amendment right to be free from unlawful searches and seizures. [Dkt. No. 1 at 20.]  Plaintiff's Fourth Amendment claim against

---

[2] *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:21-cv-05722-SVW-PD                                           Date: August 16, 2021

Title      *Siaka Massaquoi v. Christopher A. Wray, et al.*

Defendant Wray however, is not cognizable. The claim fails to sufficiently "set forth specific facts" regarding Defendant Wray's "causal role in [Plaintiff's] alleged" Fourth Amendment violation pursuant to Rule 8.  *See Leer*, 844 F.2d at 634.  Further, there is no supervisor liability in a *Bivens* claim.  Plaintiff needs to establish Defendant Wray's "personal involvement in the alleged constitutional deprivation, or [the] causal connection" between Defendant Wray's actions and Plaintiff's alleged harm.

### E.    Fifth Amendment Claim

Plaintiff alleges, among other things, that Defendants violated his rights under the Fifth Amendment when they compelled him to testify against himself, even after he requested an attorney, handcuffed him, intimidated and lied to him, and seized his property. [Dkt. No. 1 at 21.]  To the extent that Plaintiff seeks to raise a Fifth Amendment claim against Defendant Wray, his claim fails.  He fails to plead Wray's participation or connection to his claim.  *See Iqbal*, 556 U.S. at 676-77. If Plaintiff wishes to proceed against Wray, he will need to plead sufficient facts in compliance with Rule 8.

### F.    Privacy Act Claim

Plaintiff alleges that Defendants are unlawfully withholding records and property requested by Plaintiff under the Privacy Act, 5 U.S.C. § 552(a). [Dkt. No. 1 at 22.] "The Privacy Act permits an individual to review agency records that contain information pertaining to that individual." *England v. Comm'r*, 798 F.2d 350, 351 (9th Cir. 1986). "Each agency that maintains a system of records shall—(1) upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him ... to review the record and have a copy made of all or any portion thereof in a form comprehensible to him." 5 U.S.C. § 552a(d)(1).

The proper defendant in a Privacy Act action is an agency, not individual employees. *Armstrong v. U.S. Bureau of Prisons*, 976 F.Supp. 17, 23 (D.D.C. 1997) (noting the term agency "does not include individual officers or employees of an agency").  To the extent that Plaintiff seeks to bring a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-05722-SVW-PD                                    Date: August 16, 2021

Title      *Siaka Massaquoi v. Christopher A. Wray, et al.*

claim under the Privacy Act, the individual Defendants are dismissed and he may proceed only against Defendant FBI.

## IV. Order

For the foregoing reasons, the Complaint is dismissed with leave to amend.

**No later than September 15, 2021, Plaintiff may file a First Amended Complaint on his own behalf.**  If Plaintiff wishes to bring claims on behalf of a class he must be represented by counsel.

Plaintiff is advised that the First Amended Complaint entirely replaces the Complaint in this action. Any amended complaint must:

(a) be labeled "First Amended Complaint";
(b) be complete in and of itself and not refer in any manner to prior complaints, i.e., it must include all of the claims on which Plaintiff seeks to proceed, (see Local Rule 15-2);
 (c) contain a "short plain" statement of the claim(s) for relief, see Fed. R. Civ. P. 8(a) and identify whether Plaintiff is suing Defendants in their individual or official capacity;
(d) make each allegation "simple, concise and direct," Fed. R. Civ. P. 8(d)(1);
(e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b);
(f) set forth clearly the sequence of events (including specific relevant dates) which allegedly gives rise to the claim(s) for relief, including what each defendant did and how each specific defendant's conduct injured plaintiff; and
(g) not add defendants or claims without leave of court.

Plaintiff is cautioned that, absent further order of the Court, his failure to timely file a First Amended Complaint may result in the dismissal of this action.